IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI`I

| | | |
|---|---|---|
| TITLE GUARANTY ESCROW SERVICES, INC., | ) ) ) | CIVIL NO. 05-00305 DAE-LEK |
| Plaintiff, | ) ) | |
| vs. | ) ) | |
| CANDACE CATE, ET AL., | ) ) | |
| Defendants. | ) | |

**FINDINGS AND RECOMMENDATION TO GRANT IN PART AND DENY IN PART DEFENDANTS-CROSSCLAIMANTS GEORGE COFFMAN AND BONNIE COFFMAN'S MOTION FOR ENTRY OF JUDGMENT AGAINST DEFENDANT CANDACE CATE, AS TRUSTEE OF THE ESSELEN CHILDREN TRUST OF 1990**

Before the Court is Defendants-Counterclaimants George Coffman and Bonnie Coffman ("the Coffmans") Motion for Entry of Judgment Against Defendant Candace Cate, as Trustee of the Esselen Children Trust of 1990 ("Motion"), filed September 5, 2006. Plaintiff Title Guaranty Escrow Services, Inc. ("Plaintiff") filed a statement of no position on October 10, 2006. This matter came on for hearing on October 17, 2006, with Mark Van Pernis, Esq., appearing on behalf of the Coffmans. The Coffmans filed a supplemental affidavit of counsel on October 16, 2006. After careful consideration of the Motion, supporting documents, and the relevant legal authority, this Court HEREBY FINDS AND RECOMMENDS that the Coffmans' Motion be GRANTED IN PART AND DENIED IN PART for the reasons set forth below. The Court RECOMMENDS that the district court AWARD the Coffmans attorney's

fees in the amount of $2,334.67 and costs in the amount of $1,152.04.

## BACKGROUND

In May 2004, Defendant Candace Cate, Trustee of the Esselen Children Trust of 1990 ("Trustee Cate"), as seller, and the Coffmans, as buyers, executed a Deposit Receipt Offer and Acceptance Agreement ("DROA") for the purchase of real property at 75-0313 Aloha Kona Drive, Kailua-Kona, Hawai`i.  In connection with the sale, they opened an escrow account with Plaintiff.  The Coffmans paid a $17,400.00 deposit into the account ("the deposit").

The DROA provided, *inter alia*, that if Trustee Cate could not provide evidence of good and marketable title within a specified time period, the Coffmans could cancel the agreement and have the deposit returned to them.  [Motion, Decl. of George Coffman, Exh. A ("DROA") at ¶¶ C-21, C-36.]  Trustee Cate was not able to provide evidence of good and marketable title within the required time period and the Coffmans sought to cancel the agreement.  Trustee Cate, however, refused to sign the cancellation agreement and disputed the Coffmans' entitlement to a return of the deposit.  Plaintiff tried to work with Trustee Cate and the Coffmans to resolve the matter without legal action, but these efforts were unsuccessful.

Plaintiff filed the instant interpleader action on May 4, 2005. The Coffmans waived service of the summons and filed their Answer on June 20, 2005. Trustee Cate refused to waive service of the summons and the Complaint. Plaintiff eventually served her on August 31, 2005. Trustee Cate never answered the Complaint. Plaintiff obtained an entry of default against Trustee Cate on October 27, 2005.

Plaintiff filed a motion for summary judgment on October 14, 2005. The district court granted the motion on May 18, 2006. The district court ruled that Plaintiff was entitled to attorney's fees and costs of $5,382.22, which would be deducted from the deposit. The remaining $12,017.78 would be deposited into the court's registry. The district court discharged Plaintiff from the case.

The Coffmans also filed a Crossclaim against Trustee Cate on June 20, 2005. The Crossclaim seeks return of the escrow funds plus fees and costs. The Coffmans were unable to serve Trustee Cate with the Crossclaim. On May 16, 2006, this Court entered an order authorizing service by publication. After Trustee Cate failed to answer, the Coffmans obtained an entry of default on July 26, 2006.

The Coffmans filed the instant Motion on September 5, 2006, seeking judgment on the Crossclaim in the amount of $17,400.00 and an award of $2,671.22 in attorney's fees and

$1,152.04 in costs.  The Coffmans ask the district court to release the $12,017.78 in the court's registry towards payment of the judgment.  The Coffmans argue that they are entitled to attorney's fees and costs because the action in is the nature of assumpsit and the DROA provides for such an award.

The Coffmans' counsel, Mark Van Pernis, Esq., submitted an affidavit stating that his hourly rate from July 1, 2004 to June 30, 2005 was $225.00 and his hourly rate from July 1, 2005 to the present is $250.00.  [Motion, Aff. of Mark Van Pernis ("Van Pernis Aff.") at ¶¶ 6-7.]  The hourly rates for his firm's paralegals are $60.00 or $80.00, depending on experience.  [Id. at ¶ 4.]  He also provided a summary of the costs incurred in this case.  [Id. at ¶ 5.]  Mr. Van Pernis attached all of the invoices that his firm issued to the Coffmans for its legal services from August 2004 to July 2006.  [Exh. A to Van Pernis Aff.]  On October 16, 2006, Mr. Van Pernis submitted a supplemental affidavit which clarified that he was responsible for all attorney time reflected in the Motion.[1]  The only other person whose services are reflected in the Motion is paralegal Sherry Mattos.  Her hourly rate was $60 through 2005, and $80

---

[1] This Court issued an inclination on October 10, 2006, which noted that, *inter alia*, it had reservations about the Coffmans' request for attorney's fees because of the Motion's inadequate information in support of the award.  The Coffmans filed the supplemental affidavit in response to this Court's inclination.

4

thereafter.  Mr. Van Pernis states that they increased her rate because she had ten years of experience by that time.  The supplemental declaration states that the Coffmans seek $2,561.30 in attorney's fees, plus $109.92 in tax.  [Suppl. Aff. of Mark Van Pernis in Supp. of Motion ("Suppl. Van Pernis Aff.") at ¶ 4.]

**DISCUSSION**

### I. Default Judgment

"'The general rule of law is that upon default the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true.'"  TeleVideo Sys., Inc. v. Heidenthal, 826 F.2d 915, 917-18 (9th Cir. 1987) (quoting Geddes v. United Fin. Group, 559 F.2d 557, 560 (9th Cir. 1977)).  However, a plaintiff who obtains a entry of default is not entitled to default judgment as a matter of right.  See Warner Bros. Entm't Inc. v. Caridi, 346 F. Supp. 2d 1068, 1071 (C.D. Cal. 2004).  Default judgments are disfavored; cases should be decided on the merits if possible.  See In re Roxford Foods, Inc., 12 F.3d 875, 879 (9th Cir. 1993).  Thus, "any doubts as to the propriety of a default are usually resolved against the party seeking a default judgment."  VonGrabe v. Sprint PCS, 312 F. Supp. 2d 1313, 1319 (S.D. Cal. 2004) (citing Pena v. Seguros La Comercial, S.A., 770 F.2d 811, 814 (9th Cir. 1985)).

In determining whether to grant default judgment, the court should consider the following factors:

>	(1) the possibility of prejudice to the plaintiff,
>	(2) the merits of the plaintiff's substantive claim,
>	(3) the sufficiency of the complaint,
>	(4) the sum of money at stake in the action,
>	(5) the possibility of a dispute concerning material facts,
>	(6) whether the default was due to excusable neglect, and
>	(7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.

Warner Bros., 346 F. Supp. 2d at 1071-72 (quoting Eitel v. McCool, 782 F.2d 1470, 1471-72 (9th Cir. 1986)).  The Coffmans have diligently litigated the Crossclaim and they will be prejudiced if the entry of judgment is delayed.  The Court also finds that the Crossclaim sufficiently alleges substantive claims which concern a significant amount of money.  Further, in light of the fact that Trustee Cate has not appeared in this case, there is no possibility of a dispute over the material facts and there is no indication that the default was due to excusable neglect.  This Court therefore finds that factors (1) through (6) weigh in favor of granting the Motion.  The only factor that weighs against granting the Motion is the strong policy favoring decisions on the merits.  Having considered all of the relevant factors, this Court FINDS that default judgment is warranted.  This Court therefore RECOMMENDS that the district court issue judgment in favor of the Coffmans on the Crossclaim in the amount of $17,400.00.

**II.  <u>Attorney's Fees & Costs</u>**

The Coffmans seek an award of their reasonable attorney's fees and costs pursuant to Hawai`i Revised Statutes § 607-14, the terms of the DROA, and Federal Rule of Civil Procedure 54(d)(1).  Section 607-14 provides, in pertinent part:

> In all the courts, in all actions in the nature of assumpsit and in all actions on a promissory note or other contract in writing that provides for an attorney's fee, there shall be taxed as attorneys' fees, to be paid by the losing party and to be included in the sum for which execution may issue, a fee that the court determines to be reasonable; provided that the attorney representing the prevailing party shall submit to the court an affidavit stating the amount of time the attorney spent on the action and the amount of time the attorney is likely to spend to obtain a final written judgment . . . .  The court shall then tax attorneys' fees, which the court determines to be reasonable, to be paid by the losing party; provided that this amount shall not exceed twenty-five per cent of the judgment.

Haw. Rev. Stat. § 607-14.  The DROA provides, in pertinent part: "In the event of default by a party and/or a legal action or arbitration . . . , the prevailing party shall be entitled to recover all costs incurred including reasonable attorneys' fees." [DROA at ¶ C-31.]  In addition, Rule 54(d)(1) states that "costs other than attorneys' fees shall be allowed as of course to the prevailing party . . . ."  Fed. R. Civ. P. 54(d)(1).

The Coffmans' Crossclaim was an action on a written contact that provides for attorney's fees for the prevailing party in a legal action.  If the district court adopts this

Court's recommendation and enters judgment favor of the Coffmans, the Coffmans would be the prevailing party. This Court therefore finds that the Coffmans would be entitled to attorney's fees and costs pursuant to § 607-14 and/or Rule 54(d)(1).

### A.   **Calculation of Attorney's Fees**

Hawai`i courts calculate reasonable attorneys' fees based on a method that is virtually identical to the traditional "lodestar" calculation set forth in Hensley v. Eckerhart, 461 U.S. 424, 433 (1983). See DFS Group L.P. v. Paiea Props., 110 Hawai`i 217, 222, 131 P.3d 500, 505 (2006). The court must determine a reasonable fee by multiplying the number of hours reasonably expended by a reasonable hourly rate. See id. at 222-23, 131 P.3d at 505-06. In addition, Hawai`i courts may consider the following factors:

> (1) the time and labor required, the novelty and difficulty of the questions involved and the skill requisite properly to conduct the cause; (2) whether the acceptance of employment in the particular case will preclude the lawyer's appearance for others in cases likely to arise out of the transaction, and in which there is a reasonable expectation that otherwise he would be employed, or will involve the loss of other employment while employed in the particular case or antagonisms with other clients; (3) the customary charges of the Bar for similar services; (4) the amount involved in the controversy and the benefits resulting to the client from the services; (5) the contingency or the certainty of the compensation; and (6) the character of the employment, whether casual or for an established and constant client.

Chun v. Bd. of Trs. of Employees' Ret. Sys. of Hawai`i, 106

Hawai`i 416, 435, 106 P.3d 339, 358 (2005) (citations omitted) ("Chun II").  These factors, however, are merely guides; courts need not consider them in every case.  See id.  In certain types of cases, some of these factors may justify applying a multiplier to the "lodestar" amount.  See Chun v. Bd. of Trs. of Employees' Ret. Sys. of Hawai`i, 92 Hawai`i 432, 442, 992 P.2d 127, 137 (2000).

The Coffmans request the following amount for work performed in connection with this case:

| ATTORNEY | HOURS | RATE | LODESTAR |
|---|---|---|---|
| Mark Van Pernis | 4.70 | $225 | $1,057.50 |
| Mark Van Pernis | 2.70 | $250 | $  675.00 |
| Sherry Mattos | 6.52 | $ 60 | $  391.20 |
| Sherry Mattos | 5.47 | $ 80 | $  437.60 |
| | | Subtotal | $2,561.30 |
| | Hawai`i General Excise Tax @ 4.166% | | $  106.70[2] |
| | | **Total** | **$2,668.00** |

[Exh. A to Van Pernis Aff.; Suppl. Van Pernis Aff. at ¶ 4.] Mr. Van Pernis was admitted to the Hawai`i state bar in 1976.

### 1.  **Reasonable Hourly Rate**

The Hawai`i courts consider the reasonable hourly rate in a manner virtually identical to the traditional lodestar

---

[2] The general excise tax in the Supplemental Van Pernis Affidavit was apparently miscalculated.

9

formulation and some courts have considered federal law in determining a reasonable hourly rate.  See, e.g., Reiche v. Ferrera, No. 24449, 2003 WL 139608, at *8 (Hawai`i Ct. App. Jan. 16, 2003) ("The reasonable hourly rate is that prevailing in the community for similar work." (citing United States v. Metropolitan Dist. Comm'n, 847 F.2d 12, 19 (1st Cir. 1988)).  But see DFS Group, 110 Hawai`i at 223, 131 P.3d at 506 (determining a reasonable hourly rate by calculating the average of the four requested rates).  This Court therefore finds that federal case law on the determination of a reasonable hourly rate is instructive in the instant case.

In determining what is a reasonable hourly rate, the experience, skill, and reputation of the attorney requesting fees are taken into account.  See Webb v. Ada County, 285 F.3d 829, 840 & n.6 (9th Cir. 2002).  The reasonable hourly rate should reflect the prevailing market rates in the community.  See id.; Gates v. Deukmejian, 987 F.2d 1392, 1405 (9th Cir. 1992), as amended on denial of reh'g, (1993) (noting that the rate awarded should reflect "the rates of attorneys practicing in the forum district"); see also Chun II, 106 Hawai`i at 435, 106 P.3d at 358 (listing "the customary charges of the Bar for similar services" as a factor that may be considered).  It is the burden of the fee applicant to produce satisfactory evidence, in addition to an affidavit from the fee applicant, demonstrating that the

requested hourly rate reflects prevailing community rates for similar services.  See Jordan v. Multnomah County, 815 F.2d 1258, 1263 (9th Cir. 1987).

Although it is usually required that counsel submit additional evidence that the rate charged is reasonable, see id., this Court is well aware of the prevailing rates in the community for similar services performed by attorneys of comparable experience, skill and reputation.  This Court finds that the requested hourly rates of $225 and $250 for Mr. Van Pernis and $60 and $80 for Ms. Mattos are manifestly reasonable.

### 2.    **Reasonable Hours Spent**

For the reasoning stated in Section II.A.1., this Court finds federal case law instructive on the issue of the reasonable number hours expended on the instant case.  Beyond establishing a reasonable hourly rate, a prevailing party seeking attorneys' fees bears the burden of proving that the fees and costs taxed are associated with the relief requested and are reasonably necessary to achieve the results obtained.  See Tirona v. State Farm Mut. Auto. Ins. Co., 821 F. Supp. 632, 636 (D. Hawai`i 1993) (citations omitted); see also Sharp v. Hui Wahine, 49 Haw. 241, 247, 413 P.2d 242, 246 (1966) (the party requesting fees has the burden to prove that the requested fees were reasonably and necessarily incurred).  The court must guard against awarding fees and costs which are excessive, and must determine which fees

and costs were self-imposed and avoidable.  See Tirona, 821 F. Supp. at 637 (citing INVST Fin. Group v. Chem-Nuclear Sys., 815 F.2d 391, 404 (6th Cir. 1987), cert. denied, 484 U.S. 927 (1987)).  This Court has "discretion to 'trim fat' from, or otherwise reduce, the number of hours claimed to have been spent on the case." Soler v. G & U, Inc., 801 F. Supp. 1056, 1060 (S.D.N.Y. 1992) (citation omitted).  Time expended on work deemed "excessive, redundant, or otherwise unnecessary" shall not be compensated.  See Gates, 987 F.2d at 1399 (quoting Hensley, 461 U.S. at 433-34).

The Court finds the number of hours expended by Mr. Van Pernis to be manifestly reasonable.  The Court, however, finds that many of the tasks performed by Ms. Mattos are clerical in nature.  For example, Mr. Van Pernis would draft correspondence or court documents and Ms. Mattos would retype them, copy them, mail them, and file them internally.  Ms. Mattos also included time for various conversations with this Court's courtroom manager.  The courtroom manager is part of the Clerk's Office and communication between an attorney, or his staff, and the Clerk's Office is considered ministerial or clerical.  This Court will therefore reduce Ms. Mattos' time billed at $60 per hour by 4.0 hours, and her time billed at $80 per hour by 1.0 hours.

### 3.   **Total Award**

Based on the foregoing, this Court finds that the

Coffmans have established the appropriateness of an award of attorney's fees as follows:

| ATTORNEY | HOURS | RATE | LODESTAR |
|---|---|---|---|
| Mark Van Pernis | 4.70 | $225 | $1,057.50 |
| Mark Van Pernis | 2.70 | $250 | $  675.00 |
| Sherry Mattos | 2.52 | $ 60 | $  151.20 |
| Sherry Mattos | 4.47 | $ 80 | $  357.60 |
| | | Subtotal | $2,241.30 |
| | Hawai`i General Excise Tax @ 4.166% | | $   93.37 |
| | | **Total** | **$2,334.67** |

This Court finds it unnecessary to adjust the recommended award based on the factors articulated in Chun II.  See 106 Hawai`i at 435, 106 P.3d at 358.  Further, the award does not exceed twenty-five percent of the judgment.  See Haw. Rev. Stat. § 607-14.

   B.   **Calculation of Costs**

Pursuant to § 607-17 and Rule 54(d)(1), the Coffmans seek the following costs:

| | |
|---|---|
| Photocopies | $   43.50 |
| Postage | $   27.46 |
| Facsimile | $   34.00 |
| Personal Service Processor | $  157.50 |
| Publication Fee for service of Crossclaim | $  886.08 |
| Long Distance Phone | $    3.50 |
| **Total** | **$1,152.04** |

13

[Suppl. Van Pernis Aff. at ¶¶ 4, 6.]

### 1.  **Taxable Costs**

In applying Rule 54(d), a district court may exercise discretion in allowing or disallowing reimbursement of the costs of litigation, but it may not tax costs beyond those enumerated in 28 U.S.C. § 1920.  See Crawford Fitting Co. v. J.T. Gibbons, Inc., 482 U.S. 437, 441-42 (1987), superseded on other grounds, 42 U.S.C. § 1988(c).  "Courts, however, are free to construe the meaning and scope of the items enumerated as taxable costs in § 1920."  Frederick v. City of Portland, 162 F.R.D. 139, 142 (D. Or. 1995) (citing Alflex Corp. v. Underwriters Labs., Inc., 914 F.2d 175, 177 (9th Cir. 1990) (per curiam)).  Costs enumerated in § 1920 include the following:

> 1. Fees of the clerk and marshal;
> 2. Fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case;
> 3. Fees and disbursements for printing and witnesses;
> 4. Fees for exemplification and copies of papers necessarily obtained for use in the case;
> 5. Docket fees under section 1923 of this title;
> 6. Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

28 U.S.C. § 1920.  The Local Rules provide that: "Fees for the service of process and service of subpoenas by someone other than the marshal are allowable, to the extent they are reasonably required and actually incurred."  Local Rule LR54.2(f)1.  This

Court finds that the costs for the personal service processor and for service by publication were reasonably required and actually incurred.

Postage, facsimile transmissions, and long distance telephone charges are not taxable costs pursuant to § 1920.  See Yasui v. Maui Elec. Co., Ltd., 78 F. Supp. 2d 1124, 1126, 1129-90 (D. Hawai`i 1999).  Further, the Coffmans only provided various copying costs in each monthly bill from counsel.  The Local Rules provide that:

> The cost of copies necessarily obtained for use in the case is taxable provided the party seeking recovery submits an affidavit describing the documents copied, the number of pages copied, the cost per page, and the use of or intended purpose for the items copied.  The practice of this court is to allow taxation of copies at $.15 per page or the actual cost charged by commercial copiers, provided such charges are reasonable.  The cost of copies obtained for the use and/or convenience of the party seeking recovery and its counsel is not allowable.

Local Rule LR54.2(f)4.  The Coffmans did not provide the necessary information and the Court cannot determine whether the copies made were necessary for use in the case or were for the Coffmans' convenience.

This Court therefore FINDS that the Coffmans are entitled to taxable costs for the personal service processor and the service by publication.

### 2. **Non-taxable Costs**

Section 607-14 also authorizes an award of costs.  See

15

DFS Group, 110 Hawai`i at 220, 131 P.3d at 503.  Hawai`i Revised Statutes § 607-9 provides, in pertinent part:

> No other costs of court shall be charged in any court in addition to those prescribed in this chapter in any suit, action, or other proceeding, except as otherwise provided by law.
>
> All actual disbursements, including but not limited to, . . . incidental expenses, including copying costs, intrastate long distance telephone charges, and postage, sworn to by an attorney or a party, and deemed reasonable by the court, may be allowed in taxation of costs.  In determining whether and what costs should be taxed, the court may consider the equities of the situation.

Haw. Rev. Stat. § 607-9.  Copying, postage, facsimile transmissions, and long distance telephone charges are compensable under §§ 607-14 and 607-9.  The Coffmans' costs in these categories were sworn to by counsel and this Court finds the amount incurred to be reasonable.  This Court FINDS that the Coffmans are entitled to their copying, postage, facsimile, and long distance costs pursuant to §§ 607-14 and 607-9.

### 3. **Total Award**

This Court therefore RECOMMENDS that the Coffmans' request for costs be GRANTED IN FULL.  The Court notes that the recommended award of attorney's fees and costs does not exceed twenty-five percent of the judgment.  See DFS Group, 110 Hawai`i at 220, 131 P.3d at 503 ("§ 607-14 also provides that an award of costs and fees 'shall not exceed twenty-five per cent of the judgment.'").

16

**CONCLUSION**

On the basis of the foregoing, this court FINDS AND RECOMMENDS that the Coffmans' Motion for Entry of Judgment Against Defendant Candace Cate, as Trustee of the Esselen Children Trust of 1990, filed September 5, 2006, be GRANTED IN PART AND DENIED IN PART. This Court recommends that the district court:

1) GRANT judgment in favor of the Coffmans on the crossclaim in the amount of $17,400.00;

2) RELEASE the $12,017.78 in the court's registry toward the satisfaction of the judgment;

3) GRANT the Coffmans' request for attorney's fees in part and DENY it in part;

4) GRANT the Coffmans' request for costs; and

5) AWARD the Coffmans attorney's fees in the amount of $2,334.67 and costs in the amount of $1,152.04.

IT IS SO FOUND AND RECOMMENDED.

DATED AT HONOLULU, HAWAI`I, November 2, 2006.



   /S/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States Magistrate Judge

**TITLE GUARANTY ESCROW SERVICES, INC. V. CANDACE CATE, ET AL;
CIVIL NO. 05-00305 DAE-LEK; FINDINGS AND RECOMMENDATION TO GRANT
IN PART AND DENY IN PART DEFENDANTS-CROSSCLAIMANTS GEORGE COFFMAN
AND BONNIE COFFMAN'S MOTION FOR ENTRY OF JUDGMENT AGAINST
DEFENDANT CANDACE CATE, AS TRUSTEE OF THE ESSELEN CHILDREN TRUST
OF 1990**